SUPREME COURT OF ARIZONA

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-99-0551-AP |
| Appellee,) | | |
| | ) | Pima County |
| v. | ) | Superior Court |
| | ) | No. CR-61452 |
| MARCUS LASALLE FINCH, | ) | |
| | ) | |
| Appellant.) | | **SUPPLEMENTAL OPINION** |
| | ) | |

Appeal from the Superior Court in Pima County
The Honorable Bernardo P. Velasco, Judge

**REMANDED FOR RESENTENCING**

JANET A. NAPOLITANO, ARIZONA ATTORNEY GENERAL            Phoenix
    by   Kent E. Cattani, Chief Counsel,
        Capital Litigation Section
   and  Robert L. Ellman, Assistant Attorney General
   and  James P. Beene, Assistant Attorney General
   and  John P. Todd, Assistant Attorney General
   and  Bruce M. Ferg, Assistant Attorney General            Tucson
Attorneys for Appellee

LAW OFFICES OF WILLIAMSON & YOUNG, P.C.            Tucson
    by   S. Jonathan Young
Attorneys for Appellant

**B E R C H**, Justice

**¶1**      Marcus Finch was sentenced to death under a procedure found unconstitutional in *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002) (*Ring II*).  In *Ring II*, the Supreme Court held that Arizona's capital sentencing scheme violated the defendant's Sixth Amendment right to a jury trial.[1]  *Id.* at 609, 122 S. Ct. at 2443.

_____

    [1]      The legislature has since amended the statute requiring judge-sentencing in capital cases.  *See* 2002 Ariz. Sess. Laws, 5th

In doing so, the Court held that defendants "are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." *Id.* at 589, 122 S. Ct. at 2432. The Court remanded for further proceedings consistent with its decision. *Id.* at 609, 122 S. Ct. at 2443.

¶2 On remand, we consolidated all cases, including Finch's, in which the death penalty had been imposed and the mandate had not yet issued from this court, to determine whether *Ring II* requires reversal or vacatur of the death sentences in these cases. *State v. Ring*, No. ___ Ariz. ___, ___, ¶¶ 5-6, 65 P.3d 915, 925 (2003) (*Ring III*). We concluded that we must review each death sentence imposed under Arizona's superseded capital sentencing statutes for harmless error. *Id.* at ___, ¶ 53, 65 P.3d at 936.

¶3 After reviewing the record in Finch's case, we cannot say, beyond a reasonable doubt, that the error in having the judge impose sentence was harmless.

## FACTS AND PROCEDURAL HISTORY

¶4 On March 2, 1999, a jury found Marcus Finch guilty of two counts of attempted murder and forty-five counts of armed robbery, kidnapping, and aggravated assault, all stemming from three separate robberies that occurred over a sixteen-day period in April, 1998. *See State v. Finch*, 202 Ariz. 410, 412, ¶ 1, 46 P.3d

---

Spec. Sess. ch. 1, § 1.

421, 423 (2002). Finch was also convicted of first degree felony murder for shooting and killing Kevin Hendricks during the third robbery. *Id.* Following the jury's verdict, the trial judge conducted a sentencing hearing in which he found beyond a reasonable doubt two aggravating circumstances: that Finch committed the murder with the expectation of pecuniary gain and that he had been convicted of prior serious offenses. *Id.* at 414, ¶ 12, 46 P.3d at 425 (citing Ariz. Rev. Stat. ("A.R.S.") § 13-703(F)(2), (F)(5) (Supp. 1998)). The aggravating circumstances rendered Finch eligible for the death sentence. *See id.* After reviewing the mitigating circumstances Finch presented at the sentencing hearing, the judge concluded "that either of the two aggravating circumstances was sufficient in itself to outweigh the mitigating factors." *Id.* We affirmed Finch's conviction of first degree felony murder on direct appeal and affirmed all of the other convictions and sentences. *Id.* at 419, ¶ 59, 46 P.3d at 430. We now review whether, in light of *Ring II* and *Ring III*, the death sentence imposed on Finch can stand.

## DISCUSSION

### A.   Aggravating Circumstances

#### 1.   Prior serious offense

¶5      Arizona law lists as an aggravating circumstance whether "[t]he defendant was previously convicted of a serious offense, whether preparatory or completed."  A.R.S. § 13-703(F)(2).  The

trial judge determined that twenty-seven of the forty-five total counts of armed robbery, aggravated assault, and kidnapping were committed during the first and second robberies. These twenty-seven counts, the trial judge determined, constituted prior serious offenses.

**¶6** In *Ring III*, we held "that the Sixth Amendment does not require a jury to determine prior convictions under sections 13-703.F.1 and F.2." ___ Ariz. at ___-___, ¶ 55, 65 P.3d at 936-37. Accordingly, we will not disturb the trial judge's finding that the aggravating circumstance of prior serious offenses was proved, rendering Finch eligible for the death sentence.

### 2. Pecuniary gain

**¶7** Committing an offense "in expectation of the receipt . . . of anything of pecuniary value" is an aggravating circumstance. A.R.S. § 13-703(F)(5). To establish this aggravating factor, the State must prove beyond a reasonable doubt that "pecuniary gain [was] a motive, cause, or impetus for the murder and not merely the result of the murder." *State v. Spears*, 184 Ariz. 277, 292, 908 P.2d 1062, 1077 (1996). This court has also held that pecuniary gain is shown if a "murder was committed to hinder detection" of a continuing robbery. *State v. Lee*, 185 Ariz. 549, 558, 917 P.2d 692, 701 (1996); *see also State v. Rockwell*, 161 Ariz. 5, 14, 775 P.2d 1069, 1078 (1989) (holding that where a witness was eliminated to facilitate the theft, "the murder

was part and parcel of the robbery"); *State v. Libberton*, 141 Ariz. 132, 139, 685 P.2d 1284, 1291 (1984) (finding pecuniary gain as an aggravating factor where the murder was committed to prevent detection of a robbery).

¶8        Before the Supreme Court decided *Ring II*, this court affirmed the trial court's finding, based on Finch's admissions, that Finch killed Hendricks to facilitate the robbery, and hence for pecuniary gain. *Finch*, 202 Ariz. at 416-17, ¶ 29, 46 P.3d 427-28. Because the finding of pecuniary gain is so fact-intensive, however, we cannot affirm a pecuniary gain finding unless we are convinced that no reasonable jury could find that the State *failed* to prove a pecuniary gain beyond a reasonable doubt. *See Ring III*, ___ Ariz. at ___, ¶¶ 76, 79, 65 P.3d at 941. Only in such a case will we find harmless error regarding that factor. *Id.* at ___, ¶ 79, 65 P.3d at 941.

¶9        At trial, Finch admitted that he "shot Hendricks to prevent him from telling anyone that a robbery was taking place," thereby allowing Finch and his codefendant to avoid detection and facilitating their escape. *Finch*, 202 Ariz. at 416-17, ¶ 31, 46 P.3d at 427-28. Given Finch's admissions of pecuniary motive, we conclude that no reasonable jury could find that Finch did not shoot Hendricks for pecuniary gain. Accordingly, we will not disturb the trial judge's finding that the aggravating circumstance of pecuniary gain was proved, rendering Finch eligible for the

death sentence.

## B. Mitigating Circumstances

**¶10** To sentence a defendant to death, not only must the trier of fact find, beyond a reasonable doubt, the existence of one or more aggravating circumstances, but it must also consider whether any mitigating circumstances are sufficiently substantial to call for leniency. A.R.S. § 13-703(E) (Supp. 2002). *Ring III* allows us to "affirm a capital sentence only if we conclude, beyond a reasonable doubt, that no rational trier of fact would determine that the mitigating circumstances were sufficiently substantial to call for leniency." ___ Ariz. at ___, ¶ 104, 65 P.3d at 946.

**¶11** Finch offered several mitigating factors for the court's consideration. *Finch*, 202 Ariz. at 417-18, ¶¶ 34-45, 46 P.3d at 428-29. Specifically, Finch offered two statutory mitigating factors: impairment and unusual and substantial duress. A.R.S. § 13-703(G)(1), (G)(2). Finch also offered several non-statutory mitigating factors including (1) his cooperation, remorse, pretrial growth, good behavior during incarceration, and potential for rehabilitation; (2) his family's support; (3) the effects of Finch's execution on his children; (4) his emotional duress as a result of his drug use and difficult childhood; and (5) his lack of intent to kill Hendricks. *Finch*, 202 Ariz. at 417-18, ¶¶ 34-45, 46 P.3d at 428-29. The trial judge found several mitigating factors, including remorse, cooperation, good behavior, and rehabilitative

-6-

potential, but the weight of these factors was insufficient to call for leniency.  *Id.* at 414, ¶¶ 12, 40, 41, 46 P.3d at 425, 429. After reviewing the evidence, we cannot say that a reasonable jury would not have found additional mitigating factors or weighed differently the mitigating factors that were found.  Furthermore, we cannot say beyond a reasonable doubt that if a jury had found additional mitigating circumstances or weighed the mitigating circumstances differently, it would not have found them "sufficiently substantial to call for leniency."  A.R.S. § 13-703(E).

## CONCLUSION

¶12     Accordingly, because we cannot say that the sentencing procedure used here resulted in harmless error, we vacate Finch's death sentence and remand for resentencing under A.R.S. section 13-703 and 13-703.01 (Supp. 2002).


_____
Rebecca White Berch, Justice


CONCURRING:


_____
Ruth V. McGregor, Vice Chief Justice


_____
Michael D. Ryan, Justice

**J O N E S**, C.J., concurring in part, dissenting in part:

¶**13**     I concur in the result, but dissent from the majority's conclusion that harmless error analysis is appropriate where sentencing determinations are made by the trial judge in the absence of the jury. The right to trial by an impartial jury is fundamental. The sentencing phase is, of itself, a life or death matter. Where a judge, not a jury, determines all questions pertaining to sentencing, I believe a violation of the Sixth Amendment to the Constitution of the United States has occurred. In the aftermath of the Supreme Court's decision in *Ring v. Arizona,* 536 U.S. 584, 122 S. Ct. 2428 (2002) (*Ring II*), the absence of the jury in the sentencing phase of a capital trial necessarily amounts to structural error. I would remand the case for resentencing, simply on the basis of the Sixth Amendment violation. *See State v. Ring,* ____ Ariz. ____, ____ ¶¶ 105-14, 65 P.3d 915, 946-48 (2003) (Feldman J., concurring in part, dissenting in part) (*Ring III*).

_____
Charles E. Jones, Chief Justice