**Alan WICKLIFF, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 41A01–0401–CR–27.**

Court of Appeals of Indiana.

Nov. 3, 2004.

Peter D. Nugent, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

ROBB, Judge.

Alan Wickliff petitions for rehearing on *Wickliff v. State*, No. 41A01–0401–CR–27, 813 N.E.2d 446 (Ind.Ct.App., July 28, 2004). In that memorandum decision, we held that Wickliff's enhanced and consecutive sentences totaling twenty-three years were not inappropriate in light of the nature of his offense and his character. Wickliff entered a plea of guilty to operating a vehicle while intoxicated resulting in death with a prior offense within five years, a Class B felony, and possession of marijuana in excess of thirty grams and possession of marijuana with a prior conviction, both Class D felonies. On rehearing, pursuant to the recent United States Supreme Court case *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Wickliff contends that his sentence violates the Sixth and Fourteenth Amendments because he "was provided no notice of the aggravating circumstances and none were submitted to a jury or proved beyond a reasonable doubt." Petition for Rehearing at 6.

As another panel of our court recently stated:

The *Blakely* court applied the rule set forth in *Apprendi v. New Jersey*—"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt"—and found the sentencing scheme at issue did not pass constitutional muster. *Blakely*, 124 S.Ct. at 2543; *Apprendi*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). "The relevant statutory maximum for

*Apprendi* purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." *Blakely,* 124 S.Ct. at 2537.

*Carson v. State,* 813 N.E.2d 1187, 1189 (Ind.Ct.App.2004) (opinion on reh'g).

Here, the trial court enhanced Wickliff's sentence based upon the following aggravating circumstances: previous violations of probation; a significant criminal history; a need for correctional rehabilitative and substance abuse treatment best provided by incarceration in a penal institution; and a sentence less than an enhanced sentence would depreciate the seriousness of the crime based upon testimony regarding the extent of Wickliff's alcohol, prescription drug, and marijuana abuse.

As to Wickliff's criminal history as an aggravating circumstance, the trial court noted five prior convictions. Wickliff's criminal history dates back to at least 1991, and he has been convicted of, *inter alia,* leaving the scene of an accident and dealing in marijuana, both of which are relevant to the convictions at issue here.[1] "[T]he multiple convictions that the extensive criminal history comprises have already been proven beyond a reasonable doubt and are thus exempt from the *Apprendi* rule as clarified by *Blakely.*" *Carson,* 813 N.E.2d at 1189.

As to the aggravating factor that a sentence less than an enhanced sentence would depreciate the seriousness of the crime, the trial court specifically noted it was based upon Wickliff's own testimony at his sentencing hearing regarding the nature and level of his addiction to and abuse of alcohol, prescription drugs, and marijuana. Because these facts were admitted by Wickliff, they, too, are exempt from the *Apprendi/Blakely* rule. Whether or not Indiana's sentencing scheme runs afoul of the Sixth Amendment,[2] Wickliff's sentence would not be affected because even a single valid aggravating circumstance is sufficient to justify enhancement of a sentence. *Powell v. State,* 769 N.E.2d 1128, 1135 (Ind.2002). Here, there were two valid aggravating circumstances identified by the court justifying enhancement of Wickliff's sentence.

Petition for rehearing granted; Wickliff's sentence is affirmed.

SHARPNACK, J., and DARDEN, J., concur.

---

1. Wickliff previously has also been convicted of possession of marijuana and operating a motor vehicle with a blood alcohol content over .10%, but those two convictions were used to elevate the class of the crimes of which he was convicted herein.

2. The State urges us to hold that Indiana's sentencing scheme is not subject to *Blakely;* however, because Wickliff's sentence can be upheld without deciding that issue, we do not address it herein.