109 P.3d 107

The STATE of Arizona, Respondent,

v.

Fredric B. CLEERE, Petitioner.

No. 2 CA–CR 2003–0165–PR.

Court of Appeals of Arizona,
Division 2, Department B.

April 1, 2005.

Malanga Law Office, By Ralph Malanga and Joel A. Larson, Bisbee, for Petitioner.

## OPINION

PELANDER, Chief Judge.

¶ 1 Indicted for armed robbery and attempted murder, petitioner Frederic Cleere pled guilty in March 2001 to attempted murder, a class two felony and dangerous-nature offense. Following a mitigation hearing, the trial court sentenced him to a partially aggravated, fifteen-year prison term.[1] He successfully sought post-conviction relief pursuant to Rule 32, Ariz. R.Crim. P., 17 A.R.S., on the ground that the trial court erroneously had relied on his use of a dangerous instrument, a box cutter, both to establish the dangerous nature of the offense in order to enhance the range of sentence and then to aggravate his sentence.

¶ 2 At Cleere's resentencing in September 2002, the trial court again imposed a partially aggravated, fifteen-year sentence. Identify-ing Cleere's use of a dangerous instrument as the basis for enhancing his sentence, the court found as aggravating factors the infliction of very serious physical injury to the victim, whose throat Cleere had slit with the box cutter; the especially cruel manner in which Cleere had committed the offense; his having committed it for pecuniary gain; and the serious emotional and mental harm suffered by the victim. The trial court also found as mitigating factors Cleere's "clean record," "peaceable behavior over 36 years before this happened," and "expressed remorse."

¶ 3 Cleere then filed a second Rule 32 petition, again challenging his sentence. Claiming the trial court had relied on improper aggravating factors and had abused its discretion by imposing a $19,250 surcharge in addition to a $25,000 fine, Cleere again sought to be resentenced. The trial court granted partial relief by vacating the surcharge but otherwise denied the second petition. This petition for review followed. While the petition for review was pending, we granted Cleere's request for leave to file a supplemental memorandum based on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).[2]

¶ 4 Of the four aggravating factors found by the trial court, Cleere argues in the petition for review that one, serious physical injury, was an improper aggravating factor as a matter of law because, he claims, it is an element of the offense of attempted murder and thus expressly excluded from consideration by A.R.S. § 13–702(C)(1).[3] But Cleere

1. Under A.R.S. § 13–604(I), the presumptive prison term for Cleere's conviction was 10.5 years, and the minimum and maximum terms were seven and twenty-one years. The parties' plea agreement, however, set a sentencing cap of fifteen years.

2. New appellate opinions announcing a change in the law generally apply to any cases that are pending at the time the opinion is filed. *See Schriro v. Summerlin*, 542 U.S. 348, ——, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004); *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649, 661 (1987). Thus, *Blakely* applies to cases pending on direct review or, as here, on review of a trial court's denial of a pleading defendant's "of right" petition for post-conviction relief under Rule 32, Ariz. R.Crim. P.,

17 A.R.S. *See State v. Henderson*, 209 Ariz. 300, ¶ 9, 100 P.3d 911, 914 (App.2004); *State v. Resendis–Felix*, 209 Ariz. 292, ¶ 6, 100 P.3d 457, 459 (App.2004); *State v. Miranda–Cabrera*, 209 Ariz. 220, ¶ 26, 99 P.3d 35, 41 (App.2004). Although this review relates to Cleere's second Rule 32 petition, that petition was "of right" because it followed a conviction pursuant to a plea agreement and the trial court's resentencing. *See* Ariz. R.Crim. P. 32.1.

3. Section 13–702(C)(1), A.R.S., requires a trial court to consider as an aggravating circumstance the "[i]nfliction or threatened infliction of serious physical injury, except if this circumstance is an essential element of the offense of conviction or has been utilized to enhance the range of punishment under § 13–604."

**214**

is mistaken. Nowhere in the statutes that collectively define attempted murder is either infliction or threatened infliction of serious physical injury to the victim made an element of the offense. *See* A.R.S. §§ 13–1105, 13–1101, 13–1001. In fact, all that is required to sustain an attempted murder conviction is evidence of "some overt act or steps taken toward the commission of ... [murder] and an intent to commit the crime." *State v. Routhier,* 137 Ariz. 90, 99, 669 P.2d 68, 77 (1983).

¶ 5 Thus, because the criminal attempt statute requires only intent and "any step in a course of conduct planned to culminate in commission of an offense," one could commit attempted murder by taking a step far short of inflicting or even threatening serious physical injury. *See* § 13–1001(A)(2); *see also State v. Williams,* 183 Ariz. 368, 382, 904 P.2d 437, 451 (1995) ("A person can, with a culpable state of mind, take an intentional step toward committing first degree murder without exerting or threatening to exert physical force on another person."); *State v. Mandel,* 78 Ariz. 226, 278 P.2d 413 (1954) (wife convicted of attempted murder in murder for hire plot when no physical harm came to husband because hit man contacted police). Consequently, because neither infliction nor threatened infliction of serious physical injury is an essential element of attempted murder, the severity of the victim's injuries was a permissible aggravating factor under § 13–702(C)(1) in this case.

¶ 6 Cleere further contends there was insufficient evidence to support the other three aggravating factors. And, in his supplemental memorandum, Cleere argues that the other three aggravating factors found by the court, which he did not admit and a jury did not find, were improperly used to aggravate his sentence in violation of *Blakely.* The state has not filed a response to either Cleere's petition for review or his supplemental memorandum.

■ ¶ 7 In *Blakely,* the Supreme Court applied the principles it had announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to Washington's noncapital sentencing statute and concluded that the Sixth Amendment entitles a defendant to a jury's determining beyond a reasonable doubt the existence of any fact that increases a sentencing range beyond the statutory maximum. The Court stated that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 542 U.S. at ——, 124 S.Ct. at 2537. In Arizona, the "statutory maximum" sentence for *Blakely* purposes is the presumptive term, here 10.5 years under § 13–604(I). *See State v. Brown,* 209 Ariz. 200, ¶ 12, 99 P.3d 15, 18 (2004); *see also State v. Henderson,* 209 Ariz. 300, ¶ 6, 100 P.3d 911, 913–14 (App.2004); *State v. Resendis–Felix,* 209 Ariz. 292, n. 1, 100 P.3d 457, 459 n. 1 (App.2004).

■ ¶ 8 As noted above, the trial court found as aggravating factors the infliction of serious physical injury to the victim, cruelty, commission of the offense for pecuniary gain, and serious emotional and mental harm to the victim. For the reasons already stated, we have rejected Cleere's contention that the trial court erred as a matter of Arizona statutory law in considering the first factor, and he does not otherwise challenge on *Blakely* grounds the court's consideration of that factor. Therefore, absent any argument by Cleere to the contrary, we assume without deciding that the trial court's finding of serious physical harm to the victim as an aggravating factor did not violate *Blakely.*[4]

---

4. In his partial dissent, Judge Espinosa persuasively asserts that Cleere admitted that his offense caused serious physical injury to the victim and that such admission was *"Blakely*-compliant." *See Blakely v. Washington,* 542 U.S. 296, ——, ——, 124 S.Ct. 2531, 2537, 2541, 159 L.Ed.2d 403 (2004) (excepting from its scope sentences imposed based on *"facts ... admitted by the defendant"* or to which the defendant "stipulates"); *see also United States v. Thomas,* 389 F.3d 424, 426 (3d Cir.2004) (outlining several possible interpretations of the language in *Blakely* relating to "admissions" by a defendant); *State v. Brown,* 209 Ariz. 200, n. 4, 99 P.3d 15, 18 n. 4 (2004). In his supplemental brief that specifically raises and addresses *Blakely*'s impact here, Cleere does not challenge on *Blakely* grounds the trial court's finding of serious physical injury. Therefore, we need not address or resolve the issue of what does or does not qualify as a valid "admission" for *Blakely* purposes. *See*

¶ 9 Cleere does argue, however, that the trial court's consideration of the other three aggravating factors violated *Blakely* because those factors were neither found by a jury beyond a reasonable doubt nor admitted by him.[5] We agree. None of those other aggravating factors the trial court relied on is *Blakely*-exempt, that is, a prior conviction, or *Blakely*-compliant, that is, a fact found by a jury beyond a reasonable doubt, admitted by Cleere, or inherent in his plea or conviction.[6] *See State v. Oaks*, 209 Ariz. 432, ¶ 23, 104 P.3d 163, 168 (App.2004); *Resendis–Felix*, 209 Ariz. 292, ¶ 9, 100 P.3d at 460; *cf. State v. Timmons*, 209 Ariz. 403, n. 1, 103 P.3d 315, 318 n. 1 (App.2005) (finding presence of accomplice a *Blakely*-compliant factor because implicit in jury's verdict; defendant was found guilty of aggravated robbery based on presence of one or more accomplices). Therefore, the trial court's imposition of an aggravated sentence violated *Blakely*. That does not end the inquiry, however, because *Blakely* error can be harmless. Accordingly, we turn to that issue.

¶ 10 Arizona courts and all federal circuit courts have concluded that *Apprendi* or *Blakely* error is subject to harmless error analysis. *See State v. Sepahi*, 206 Ariz. 321, n. 3, 78 P.3d 732, 735 n. 3 (2003) ("any *Apprendi* error would be harmless");

*Henderson*, 209 Ariz. 300, ¶¶ 22, 33, 100 P.3d at 917, 921, 922 (noting that "every federal circuit court has … been uniform in holding that *Apprendi* error can be reviewed for harmless error" and that "other courts, since *Blakely*, have also applied a harmless error analysis to *Blakely* violations"); *Resendis–Felix*, 209 Ariz. 292, ¶¶ 8–10, 100 P.3d at 460; *State v. Martinez*, 209 Ariz. 280, ¶ 1, 100 P.3d 30, 31–32 (App.2004) (holding that "*Blakely* error is subject to harmless error or fundamental error analysis and may or may not require reversal based on the facts of a particular case"); *State v. Miranda–Cabrera*, 209 Ariz. 220, ¶ 30, 99 P.3d 35, 42 (App.2004) (even assuming defendant's trial testimony did not qualify as admissions for sentencing purposes, trial court's enhancement of sentencing range without "separate and specific [jury] finding" that defendant had directed his conduct at a child was harmless error).

¶ 11 Error may be harmless if we can conclude beyond a reasonable doubt that any reasonable jury "would have found the facts which the court used to aggravate the sentences." *Oaks*, 209 Ariz. 432, ¶ 23, 104 P.3d at 168; *see also Henderson*, 209 Ariz. 300, ¶ 41, 100 P.3d at 923. In addition, "[w]e will find the error harmless only if we con-

*State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989) (failure to argue a claim usually constitutes abandonment and waiver of that claim). In any event, even had Cleere not waived the issue, the trial court's finding of serious physical injury was harmless. *See* ¶ 12, *infra*.

5. Although Cleere did not raise this argument below, this court has not viewed such failure as a waiver because an illegal sentence constitutes fundamental error that is not waived despite not having been previously raised. *See State v. Alire*, 209 Ariz. 517, ¶ 7, 105 P.3d 163, 165 (App.2005); *State v. Munninger*, 209 Ariz. 473, ¶¶ 8–10, 104 P.3d 204, 208–09 (App.2005); *State v. Timmons*, 209 Ariz. 403, ¶ 5, 103 P.3d 315, 318 (App.2005); *Resendis–Felix*, 209 Ariz. 292, ¶¶ 5–6, 100 P.3d at 459. And, although Cleere does not challenge on *Blakely* grounds the trial court's finding of serious physical injury to the victim, Cleere does specifically contend the court's finding of the other three aggravating factors violated *Blakely*.

6. In his partial dissent, Judge Espinosa does not specifically disagree with this conclusion. But he asserts, as have some panels of Division One

of this court, that the finding of serious physical injury, standing alone, legally supported the trial court's imposition of an aggravated sentence, regardless of the court's finding of other aggravating factors as well as mitigating factors. Contrary to that position, various panels of this court have rejected the proposition (even had the state appeared and urged it here) that, even when a trial court finds both aggravating and mitigating factors, a single *Blakely*-compliant or -exempt aggravating factor authorizes the court to "find additional aggravating factors under the relaxed pre-*Blakely* rules found in § 13–702." *Timmons*, 209 Ariz. 403, ¶ 11, 103 P.3d at 319; *see also State v. Pitre*, 210 Ariz. 93, ¶ 13, 107 P.3d 939 (Ct.App.2005) (rejecting contention that "a sole valid factor under *Blakely* opens the door and allows a court without a jury to consider any other factors that do not fit within *Blakely*'s confines"); *Munninger*, 209 Ariz. 473, ¶¶ 27, 30, 104 P.3d at 213 (rejecting "one-factor-is-enough approach" in refusing to "automatically uphold sentences based on the presence of a single aggravating factor when the sentencing judge relied on others not properly found by a jury"); *cf. Alire*, 209 Ariz. 517, ¶ 12, 105 P.3d at 165–66.

clude, beyond a reasonable doubt, that the error did not contribute to or affect the sentence imposed." *Timmons,* 209 Ariz. 403, ¶ 13, 103 P.3d at 319. "We will not consider harmless any finding of an aggravating factor if evidence and witness credibility could be weighed differently by a jury than it was by the sentencing judge." *Id.*

¶ 12 We can say beyond a reasonable doubt that any reasonable jury would have found, as the trial court did, that Cleere inflicted very serious physical injury to the victim by slashing her throat with a box cutter. Indeed, Cleere does not argue otherwise and never has challenged the fact that the victim sustained serious physical injury. As defense counsel acknowledged at the resentencing, Cleere "took a box cutter and he cut [the victim's] throat, and that's a horrible … thing to think about." The presentence report, to which defense counsel referred, reportedly stated that the victim's "cut went from ear to ear and the trachea was exposed." Moreover, counsel acknowledged that Cleere's act "was intended to kill," in that Cleere had "expos[ed] the [victim's] neck, [and went] for the proverbial jugular." In short, even if Cleere's acknowledgment of the victim's serious physical injury does not constitute a valid "admission" for *Blakely* purposes and even had he preserved any such argument (*see* n. 4, *supra*), the trial court's finding of that fact as an aggravating factor under § 13–702(C)(1) clearly was harmless.

¶ 13 The same cannot be said, however, of the other three aggravating factors the trial court found; nor can we say the sentencing outcome was unaffected by those other aggravating circumstances. *See Timmons,* 209 Ariz. 403, ¶ 15, 103 P.3d at 320; *Resendis–Felix,* 209 Ariz. 292, ¶¶ 9, 11, 100 P.3d at 460; *see also State v. Sansing,* 206 Ariz. 232, ¶ 5, 77 P.3d 30, 33 (2003) (if there is reasonable

doubt about whether error affected outcome, error cannot be harmless; case remanded for resentencing).

¶ 14 Although one might fairly infer from this record that Cleere had been motivated by a desire for pecuniary gain in committing the offense, such motive was neither an element of the offense nor otherwise inherent in his plea or conviction. *See Timmons,* 209 Ariz. 403, ¶ 14, 103 P.3d at 319. And we cannot say beyond a reasonable doubt that pecuniary gain necessarily was his motive. A finding of any such motive required a factual determination beyond the scope of Cleere's guilty plea. *Cf. State v. Medina,* 193 Ariz. 504, ¶ 32, 975 P.2d 94, 103 (1999) ("[t]he existence of an economic motive at some point during the events surrounding a murder [wa]s not enough" to establish defendant had committed offense for pecuniary gain).

¶ 15 Similarly, as we found in *Timmons,* a factor such as emotional harm to a victim is inherently subjective, and we cannot say, beyond a reasonable doubt, that a jury would have found such harm existed. 209 Ariz. 403, ¶ 14, 103 P.3d at 319; *see also Oaks,* 209 Ariz. 432, ¶¶ 20, 23, 104 P.3d at 167, 168. A jury likewise might have reached a different conclusion on the subjective issue of whether Cleere had committed his offense in a particularly cruel manner. Finally, and importantly, inasmuch as the trial court weighed aggravating and mitigating circumstances in determining the sentence, we cannot speculate on the outcome of that weighing process if the *Blakely*-violative aggravators were eliminated.[7]

¶ 16 In *Resendis–Felix,* under circumstances similar to these, this court found the defendant's aggravated sentence had been imposed in violation of *Apprendi* and *Blakely.* Like Cleere, Resendis–Felix was a

---

7. In *Alire,* this court held that when a trial court finds at least one *Blakely*-compliant or -exempt aggravating factor and finds no mitigating factors, the court, without violating *Blakely,* may consider additional aggravating factors for which reasonable evidence *exists* and impose a sentence anywhere within the aggravated range based on the totality of aggravating factors. 209 Ariz. 517, ¶ 13, 105 P.3d at 166; *see also State v. Viramontes,* 204 Ariz. 360, ¶ 14, 64 P.3d 188, 190

(2003) ("In non-capital cases, aggravators need only be supported by reasonable evidence."). *Contra, Pitre,* 210 Ariz. 93, ¶¶ 22–23, 107 P.3d 939 (disagreeing with *Alire* and imposing *Blakely*'s requirements on all aggravating factors, regardless of absence of any mitigating factors). Here, however, the trial court expressly found several mitigating factors and weighed them against the aggravating factors. Therefore, *Alire*'s holding does not apply.

pleading defendant whose sentence the trial court had aggravated based on facts neither admitted by the defendant nor found by a jury beyond a reasonable doubt.[8] In *Resendis–Felix*, this court was unable to "conclude beyond a reasonable doubt that the *Blakely* error did not contribute to or affect the sentencing outcome." 209 Ariz. 292, ¶ 11, 100 P.3d at 460. We reach that same conclusion here.

¶ 17 Accordingly, we grant the petition for review and deny relief on the issues raised therein. But we grant relief on the supplemental *Blakely* issues Cleere raises and, on that basis, vacate his sentence and remand the case for resentencing pursuant to *Blakely*.

FLÓREZ, Presiding Judge, specially concurring.

¶ 18 I specially concur because, although I agree this matter must be remanded for resentencing, I do not subscribe to the foregoing reasoning concerning the type of error here. Rather, I agree with Judge Eckerstrom's special concurrence in *State v. Resendis–Felix*, 209 Ariz. 292, 100 P.3d 457 (App.2004), that any *Blakely* error such as occurred here is structural, not subject to harmless error review.

ESPINOSA, Judge, dissenting in part.

¶ 19 I concur in the denial of relief on Cleere's petition for review and the rejection of his legal argument relating to the trial court's ability to cite the victim's physical injury as an aggravating factor under A.R.S. § 13–702(C)(1). I dissent, however, from that portion of the decision that concludes any *Blakely* error occurred here. I would find no such error and, therefore, no need for the case to be remanded for resentencing. As the decision correctly concludes, any reasonable jury would have found that Cleere's offense caused serious physical injury to the victim.[9] More importantly, Cleere expressly

admitted that fact and certainly does not contest it. At the change-of-plea hearing, Cleere's attorney stated the factual basis on his behalf, including that "[he] did use a sharp instrument to cut the throat of [the victim] intending that that injury be a mortal wound." The court then directly questioned Cleere, who affirmed that he had heard the factual basis, agreed with it, and acknowledged he had done "those things." The trial court also recited all of the constitutional rights, including the right to a trial by jury, Cleere was giving up by pleading guilty. Cleere expressly stated he understood all of those rights and confirmed he had read and understood the plea agreement.

¶ 20 If Cleere's factual admission is a sufficient basis for both a finding of guilt and a judgment of conviction for attempted murder, *a fortiori*, it should be sufficient for purposes of sentencing aggravation. Indeed, our supreme court has stated, "In cases in which a defendant stipulates, confesses or admits to facts sufficient to establish an aggravating circumstance, we will regard that factor as established." *State v. Ring*, 204 Ariz. 534, ¶ 93, 65 P.3d 915, 944 (2003); *see also State v. Finch*, 205 Ariz. 170, 68 P.3d 123 (2003) (defendant's admission that he had shot victim to prevent his reporting the robbery fully established pecuniary gain motive); *State v. Miranda–Cabrera*, 209 Ariz. 220, ¶ 30, 99 P.3d 35, 42 (App.2004) (defendant's trial testimony constituted "facts 'admitted by the defendant' " for purposes of sentence aggravation comporting with *Blakely* ); *Wickliff v. State*, 816 N.E.2d 1165, 1167 (Ind. Ct.App.2004) (defendant's statements at sentencing were facts admitted by him and were "exempt from the *Apprendi/Blakely* rule"); *cf. State v. Montaño*, 206 Ariz. 296, 77 P.3d 1246 (2003) (defendant's introduction of mitigation evidence relating to prisoner status was admission of in-custody status for sentence aggravation). Accordingly, Cleere's express admission that he had seriously injured the victim by intentionally cutting her

8. The aggravating factors cited in *Resendis–Felix* were the presence of an accomplice, the severity of the beating inflicted on the victim, the past and future impact of the crime on the victim and his family, and the danger Resendis–Felix posed to the community.

9. Contrary to Judge Flórez's view, both divisions of this court have concluded that *Blakely* error is subject to harmless error review. *See Henderson*, 209 Ariz. 300, 100 P.3d 911 (App.2004); *Resendis–Felix*, 209 Ariz. 292, 100 P.3d 457 (App. 2004).

throat with a sharp instrument constitutes an aggravating circumstance not infected with any *Blakely* error.

¶ 21 Furthermore, that *Blakely*-compliant aggravating factor authorized the expanded sentencing range under A.R.S. § 13–702(C)(1) and permitted the trial court to impose a sentence anywhere within the statutory range, regardless of other aggravating factors. *See State v. Chiappetta*, 210 Ariz. 40, 107 P.3d 366 (App.2005) (Espinosa, J.); *State v. Estrada*, 210 Ariz. 111, 108 P.3d 261 (Ct.App.2005); *State v. Martinez*, 209 Ariz. 280, 100 P.3d 30 (App.2004); *cf. United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (judicial sentence enhancements acceptable if resulting sentence is within authorized range). Accordingly, I would deny relief not only on Cleere's petition for review but also on the supplemental *Blakely* issues he raises.