SUPREME COURT OF ARIZONA
En Banc

STATE OF ARIZONA,                          )  Arizona Supreme Court
                                           )  No. CV-03-0255-PR
                            Petitioner,     )
                                           )  Court of Appeals
                 v.                        )  Division Two
                                           )  No. 2 CA-SA 2003-0003
                                           )
HON. MICHAEL J. BROWN, JUDGE OF            )  Santa Cruz County
THE SUPERIOR COURT OF THE STATE            )  Superior Court
OF ARIZONA, in and for the                 )  No. CR-01-199
County of Santa Cruz,                      )
                                           )
                            Respondent,     )  **O P I N I O N**
                                           )
                 and                       )
                                           )
JONATHAN WAYNE McMULLEN,                    )
                                           )
              Real Party in Interest.       )
                                           )
_____)


Special Action from the Superior Court in Santa Cruz County
The Honorable Michael J. Brown, Judge

_____

**REMANDED**

_____


Opinion of the Court of Appeals, Division Two
205 Ariz. 325, 70 P.3d 454

_____

**VACATED**

_____

Martha S. Chase, Santa Cruz County Attorney                    Nogales
      By:  Marc Offenhartz, Deputy County Attorney
Attorneys for Petitioner

Law office of Robert Hooker                                     Tucson
      By:  Robert Hooker
      and  Michael J. Miller
Attorneys for Real Party in Interest

Terry Goddard, Arizona Attorney General                    Phoenix
    By:  Randall M. Howe, Chief Counsel
         Criminal Appeals Section
Attorneys for Amicus Curiae
Arizona Attorney General

James J. Haas                                               Phoenix
and John A. Stookey
Attorneys for Amici Curiae
Arizona Public Defender Association and
Arizona Attorneys for Criminal Justice

**H U R W I T Z**, Justice

¶1     The court of appeals held in this case that a defendant pleading guilty to a criminal offense may be sentenced to a term greater than the presumptive sentence solely on the basis of facts found by the trial judge upon a showing of "reasonable evidence." *State v. Brown* (*McMullen*), 205 Ariz. 325, 333 ¶ 27 & n.9, 70 P.3d 454, 462 & n.9 (App. 2003). We granted review to examine that opinion in light of the constitutional principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its most recent progeny, *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

**I.**

¶2     The State charged real party in interest Jonathan Wayne McMullen with first-degree murder of his mother and two counts of attempted first-degree murder of his father and brother.  McMullen agreed to plead guilty to an amended count one, reckless manslaughter, in violation of Arizona Revised

2

Statutes ("A.R.S.") § 13-1103(A)(1) (2001), in exchange for the State agreeing to dismiss the other charges. The presumptive sentence for reckless manslaughter, a class two felony, is five years. A.R.S. § 13-701(C)(1) (2001). The plea agreement provided that McMullen could receive a sentence between three years and twelve and one-half years. A three-year sentence is the minimum allowed for a class two felony, and requires a finding of at least two substantial mitigating factors. A.R.S. § 13-702.01(B)(1) (2001). A sentence of twelve and one-half years can be imposed for a class two felony after a finding of at least two substantial aggravating factors. A.R.S. § 13-702.01(A)(1).

¶3      McMullen then appeared before the respondent judge, who personally addressed him in order to make the various determinations required by Arizona Rules of Criminal Procedure 17.2, 17.3, and 17.4(c), and to decide pursuant to Rule 17.4(d) whether to accept or reject the plea agreement. When asked during the ensuing colloquy to describe the crime in order to allow the court to determine the factual basis for the plea, McMullen made statements that the State now contends establish the existence of three aggravating factors under A.R.S. § 13-

702(C) (2001).[1]  The superior court then determined that the plea

was "knowingly, intelligently and voluntarily made."

¶4        The superior court did not accept the plea, however,

instead deferring acceptance until the time of sentencing.[2]

Citing *Apprendi*, the superior court ordered a trial by jury for

determination of any aggravating circumstances alleged under §

13-702(C), and held that the State bore the burden of proving

any aggravator beyond a reasonable doubt.  The superior court

subsequently entered a second order declaring A.R.S. §§ 13-702

and -702.01 "unconstitutional on their face, and as applied to

this case."

¶5        The State filed a special action in the court of

appeals seeking relief from both orders.  The court of appeals

accepted jurisdiction and granted relief.  The court noted that

---

[1]    The State contends that McMullen's statements establish
"[u]se, threatened use or possession of a deadly weapon or
dangerous instrument during the commission of the crime," A.R.S.
§ 13-702(C)(2); "[p]resence of an accomplice," A.R.S. § 13-
702(C)(4); and "[l]ying in wait for the victim or ambushing the
victim during the commission of any felony," A.R.S. § 13-
702(C)(17).   The State also alleged a fourth aggravating
circumstance, "[t]he emotional and financial harm caused to the
victim's immediate family," A.R.S. § 13-702(C)(9), but does not
contend that McMullen's statements during the colloquy were an
admission of this aggravator.

[2]    On October 7, 2004, the superior court accepted both the
plea and the plea agreement, reasoning that such an action
"would be in furtherance of the appeal" and thus within the
superior court's jurisdiction notwithstanding the pendency of
this matter in this Court.  Given our disposition of this case,
we have no occasion today to consider whether the superior
court's conclusion was correct.

4

the superior court's orders "hinged largely" on the ruling in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *McMullen*, 205 Ariz. at 328 ¶ 10, 70 P.3d at 457 (quoting *Apprendi*, 530 U.S. at 490). Reasoning that the applicable "statutory maximum" for *Apprendi* purposes was the twelve-and-one-half-year super-aggravated sentence, not the presumptive five-year sentence, the court of appeals concluded that the trial judge could impose a sentence above five years absent a jury finding of aggravators beyond a reasonable doubt "without running afoul of the United States or Arizona Constitutions." *Id*. at 333 ¶ 26, 70 P.3d at 462.

¶6        We granted McMullen's petition for review because the case presents an issue of first impression in Arizona and one of statewide importance.    We exercise jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution, and A.R.S. § 12-120.24 (2003).

## II.

¶7        *Apprendi* held that the Sixth and Fourteenth Amendments of the United States Constitution require a jury to find, beyond a reasonable doubt, any fact that would "expose the defendant to a greater punishment than that authorized by the jury's guilty verdict" alone.    530 U.S. at 494.    *Apprendi* involved a New

5

Jersey statute under which the ten-year maximum sentence for a criminal conviction could be increased to twenty years if the court determined the offense to be a "hate crime." *Id.* at 468-69. The Court held that any fact other than the existence of a prior conviction that increased the defendant's punishment beyond the ten-year "statutory maximum" must be submitted to a jury and found beyond a reasonable doubt. *Id*. at 490.

¶8        In *Ring v. Arizona*, 536 U.S. 584 (2002), the Supreme Court applied *Apprendi* to an Arizona law that authorized the death penalty only if a judge found one of ten aggravating factors. Concluding that the statutory "maximum penalty" authorized by the jury verdict alone was life imprisonment, the Court held that the Sixth Amendment required that the aggravating factors be found by a jury. *Id*. at 603-09.

¶9        *Blakely* involved the application of the same principles to a Washington sentencing scheme. The defendant pleaded guilty to second-degree kidnapping involving domestic violence and use of a firearm. 124 S. Ct. at 2534-35. Under the applicable statutes, the trial judge was required to sentence the defendant to a term of forty-nine to fifty-three months unless he found "substantial and compelling reasons justifying an exceptional sentence." *Id*. at 2535. If such reasons were found, the statutes allowed a sentence of up to ten years. *Id*. at 2537. After finding several such circumstances,

6

the Washington trial judge imposed a ninety-month sentence. *Id*. at 2535.

¶10 Washington claimed that *Apprendi* did not apply to its sentencing scheme because the "statutory maximum" was the ten-year maximum term allowed upon the finding of exceptional circumstances, rather than the otherwise applicable fifty-three month limit. *Id*. at 2537. The Supreme Court flatly rejected that argument:

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

*Id*. (internal citations omitted).

### A.

¶11 Arizona law provides that in the case of a first offense, a defendant convicted of a class two felony "shall" receive a sentence of five years. A.R.S. § 13-701(C)(1). Section 13-702(A) allows an increase of this presumptive sentence to a maximum of ten years upon a finding of one or more of the aggravating circumstances set forth in § 13-702(C). The aggravated sentence may be imposed "only if the circumstances

7

alleged to be in aggravation . . . of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court before sentencing or any evidence previously heard by the judge at the trial." A.R.S. § 13-702(B). Section 13-702.01(A) allows the trial judge to impose a sentence of up to twelve and one-half years for a first offender if the judge finds "at least two substantial aggravating factors listed in § 13-702, subsection C."[3]

¶12     The court of appeals held that the "maximum sentence" for purposes of *Apprendi* analysis in this case was the super-aggravated twelve-and-one-half-year term authorized by § 13-702.01(A)(1), and therefore rejected McMullen's argument that the aggravators justifying such a sentence were required to be found by a jury beyond a reasonable doubt. *McMullen*, 205 Ariz. at 333 ¶ 26, 70 P.3d at 462. The State now concedes that this opinion cannot withstand analysis in light of *Blakely*. We agree. The "maximum sentence" for *Apprendi* analysis in this

---

[3]     Under A.R.S. § 13-702(A), the presumptive five-year sentence may be reduced to four years if the trial court finds one or more of the mitigating circumstances set forth in § 13-702(D). Under § 13-702.01(B), the sentence may be reduced to three years if the court finds "at least two substantial mitigating factors listed in § 13-702, subsection D." *Apprendi* makes clear that the Sixth Amendment limit on judicial discretion applies only to factfinding "that increases the penalty for a crime beyond the prescribed statutory maximum." 530 U.S. at 490; *see id.* at 498 (Scalia, J., concurring) (nothing in the Sixth Amendment prohibits a "tenderhearted judge" from imposing a sentence less than the statutory maximum).

8

case is the five-year presumptive sentence in § 13-701(C)(1). Because a sentence in excess of five years could be imposed on McMullen only after a finding of one or more of the aggravating circumstances in § 13-702(C), the Sixth Amendment guarantee of jury trial extends to the finding of these facts and requires proof beyond a reasonable doubt.

**B.**

¶13 The only issue presented to the court of appeals in the State's special action was whether the "statutory maximum" for *Apprendi* purposes was the five-year presumptive sentence (as the superior court held) or the twelve-and-one-half year super-aggravated sentence (as the State's special action contended). This was thus the only issue addressed by the opinion below. Because all parties now concede that the court of appeals erred in its resolution of that question, that opinion must be vacated.

¶14 The parties and their *amici* nonetheless ask us to address myriad other questions that may arise either in the further prosecution of this case or in other cases potentially affected by the *Apprendi* and *Blakely* decisions. Given the procedural posture in which this case arrived in this Court, we decline to do so. While many of these additional issues deserve serious consideration, almost none have been directly addressed by the trial judge, and none were raised in or decided by the

9

court of appeals.[4]  We are unwilling, even in this important area of the law, to consider these issues as an initial matter in the context of this special action.

¶15     We recognize and appreciate the interest that both the State and the defense bar have in understanding the full implications of *Apprendi* and its progeny for the Arizona sentencing scheme.  We believe, however, that the best approach is to resolve any such questions in this dynamic area of the law in the context of a case in which the relevant issue is squarely presented, properly briefed, and addressed by the courts below. We also are mindful that the legislature may choose to moot many such questions, as it did in the wake of *Ring*, by enacting new sentencing statutes.  *See* 2002 Ariz. Sess. Laws, 5th Spec. Sess., ch. 1 (codified at A.R.S. §§ 13-703 to -703.05).  We

---

[4]     For example, some *amici* have suggested that the superior court lacks the authority to convene a jury to consider alleged aggravating circumstances.  But McMullen neither objected to the superior court's order convening such a jury nor petitioned for special action relief from that order.  For that reason, neither the superior court nor the court of appeals has had occasion to consider this argument.

The State, on the other hand, argues that no jury trial is needed because McMullen made certain statements in the plea colloquy which the State characterizes as "admissions" of aggravating circumstances.  *See Blakely*, 124 S. Ct. at 2537 (stating that right to jury trial does not extend to "facts . . . admitted by the defendant").  *But see id*. at 2541 (stating that jury trial not required when the defendant "*stipulates* to the relevant facts") (emphasis added).  This argument has neither been presented to, nor ruled upon, by any court below.

10

therefore leave additional questions not addressed below to another day.[5]

### III.

¶**16** The opinion of the court of appeals is vacated. This case is remanded to the superior court for further proceedings consistent with this opinion.

Andrew D. Hurwitz, Justice

<hr/>

[5] We are guided in this regard by the Supreme Court of the United States, which has employed a distinctly incremental approach to the topic now before us. In *Jones v. United States*, 526 U.S. 227 (1999), the Court noted its serious constitutional concerns with a federal statute that could be read as allowing stricter criminal punishment on the basis of facts not found by a jury. 526 U.S. at 243 n.6. The holding of the case, however, rested on an interpretation of the statute chosen to avoid such "serious constitutional questions." *Id*. at 251-52. One year later, *Apprendi* turned the *Jones* concern into a constitutional rule. 530 U.S. at 490. *Apprendi*, however, declined to overrule the holding in *Walton v. Arizona*, 497 U.S. 639 (1990), that a judge may find aggravating factors necessary for imposition of the death penalty. *Id*. at 497. The Court also refused to express an opinion as to whether its holding would affect the Federal Sentencing Guidelines. *Id*. at 497 n.21. *Ring v. Arizona*, 536 U.S. 584, 589 (2002), then found *Walton* "irreconcilable" with *Apprendi* and overruled *Walton*. In *Blakely*, the Court made clear that the rule of *Apprendi* invalidated a state's non-capital criminal sentence imposed on the basis of aggravating facts not proved beyond a reasonable doubt to a jury. 124 S. Ct. at 2538. Yet, the Court again refused to express any opinion on the validity of the Federal Sentencing Guidelines, because the Guidelines were not directly at issue. *Id*. at 2538 n.9. The Court now is considering the validity of the Federal Sentencing Guidelines. *See United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *cert. granted*, 73 U.S.L.W. 3073 (Aug. 2, 2004); *Fanfan v. United States*, 2004 WL 1723114 (D. Me. June 28, 2004), *cert. granted*, 73 U.S.L.W. 3073 (Aug. 2, 2004).

CONCURRING:

_____
Charles E. Jones, Chief Justice


_____
Ruth V. McGregor, Vice Chief Justice


_____
Rebecca White Berch, Justice


_____
Michael D. Ryan, Justice