OPINION
 

 ECKERSTROM, J.
 

 ¶ 1 Appellant Andres Castillo Alire was convicted after a jury trial of two counts of aggravated driving under the influence of an intoxicant (DUI). On appeal, Alire maintains that the court both improperly considered his nationality and denied him his right to a jury trial as to aggravating circumstances when it sentenced him to aggravated, concurrent sentences of six years of imprisonment. We affirm.
 

 
 *508
 
 ¶ 2 In rejecting the presumptive term of 4.5 years, the trial court specified that it had considered the following aggravating circumstances: Alire’s prior felony conviction, the fact that he absconded before trial, and the degree of his intoxication. None of the facts underlying any of those aggravating circumstances was found by the jury that found Alire guilty of the offenses. At the time of sentencing, the court also commented that, “[ajpparently, Mr. Aire feels that what he is here to do is come to the United States illegally, drive drunk and endanger the citizens of this country through his intoxication repeatedly and make his living distributing 50 kilograms or more of marijuana, an illegal substance.”
 

 Trial Court’s Reference to the Defendant’s Immigration Status
 

 ¶ 3 Based on the above remarks, Alire argues that the trial court improperly considered his nationality when it sentenced him to aggravated terms of imprisonment. But the court did not refer to Aire’s nationality, but rather, his immigration status. Nor did the court mention either Aire’s nationality or his immigration status when it articulated the aggravating circumstances it had considered in imposing an aggravated prison terms. In fact, the court made the comments in question after it had already rejected the presumptive term of 4.5 years based on three aggravating circumstances, none of which referred to Aire’s nationality.
 

 ¶ 4 Even if the trial court had considered Alire’s immigration status as an aggravating factor, it would not have been improper in the specific context of this case. Entering the United States without valid immigration status is a violation of the laws of this country.
 
 See
 
 8 U.S.C. § 1325. Section 13-702(C)(21), A.R.S., permits a sentencing judge to consider “[a]ny other factor that the court deems appropriate to the ends of justice.”
 
 [1]
 
 Under that provision, a trial court would be permitted to consider a defendant’s disregard for the law in entering the country illegally as an aggravating circumstance.
 

 ¶ 5 Moreover, the cases Aire relies on in support of his argument that a court may never consider a defendant’s immigration status as an aggravating factor do not stand for that proposition. In
 
 Yemson v. United States,
 
 764 A.2d 816, 819 (D.C.2001),
 
 quoting United States v. Gomez,
 
 797 F.2d 417, 419 (7th Cir.1986), the court concluded that, “[bjecause even an illegal alien has a right to due process, a court imposing sentence in a criminal case may not treat the defendant more harshly than any other defendant ‘solely because of [his] nationality or alien status.’ ” But that court also stated,
 

 [T]his does not mean, however, that a sentencing court, in deciding what sentence to impose, must close its eyes to the defendant’s status as an illegal alien and his history of violating the law, including any law related to immigration ... if that information may reasonably bear on the sentencing decision.
 

 Yemson,
 
 764 A.2d at 819. Thus,
 
 Yemson
 
 supports the conclusion that the court properly could consider Aire’s illegal entry into the United States to the extent it constituted evidence of unlawful activity.
 

 ¶ 6 In the other three cases Alire relies on, the sentencing judges at least appeared to have improperly considered the defendant’s national origin in imposing a harsher sentence.
 
 United States v. Borrero-Isaza,
 
 887 F.2d 1349, 1355 (9th Cir.1989);
 
 United States v. Leung,
 
 40 F.3d 577, 586 (2d Cir.1994);
 
 Martinez v. State,
 
 114 Nev. 735, 961 P.2d 143, 146-47 (1998). Athough these cases mention immigration status as an inappropriate factor for consideration in sentencing, in none of them did the sentencing judge consider the fact that the defendant had committed a crime by entering the United States illegally. Instead, the judge imposed a harsher sentence simply because the defendant was a foreigner. There is a critical distinction between immigration status as it relates to nationality and immigration status as it relates to illegal activity. Placed in context, the trial court’s remarks here were clearly directed at Aire’s disregard for the laws of this country. Thus, to the extent
 
 *509
 
 that the trial court’s remarks suggest that it considered Alire’s immigration status at all, the trial court did not err in considering his status from that perspective.
 

 Consideration of Aggravating Circumstances Not Found by a Jury
 

 ¶ 7 In a supplemental opening brief, Alire argues that his case must be remanded for resentencing pursuant to the United States Supreme Court’s decision in
 
 Blakely v. Washington,
 
 — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The state contends Alire has waived the issue by failing to raise it either in the trial court or in his opening brief. However, “[i]mposition of an illegal sentence constitutes fundamental error,” which is not waived by failure to raise it.
 
 State v. Thues,
 
 203 Ariz. 339, ¶ 4, 54 P.3d 368, 369 (App.2002);
 
 see also State v. Resendis-Felix,
 
 209 Ariz. 292, ¶ 5, 100 P.3d 457, 459 (App.2004). Accordingly, we address the issue.
 

 ¶ 8 In
 
 Blakely,
 
 the Supreme Court held that a judge may not impose a sentence beyond that authorized solely by the jury verdict or guilty plea unless it is based on facts either admitted by the defendant or submitted to a jury and proved beyond a reasonable doubt. — U.S. at —, 124 S.Ct. at 2537, 159 L.Ed.2d at 413.
 
 Blakely
 
 applies to Arizona’s noncapital sentencing statute.
 
 State v. Brown,
 
 209 Ariz. 200, n. 5, 99 P.3d 15, 19 n. 5 (2004);
 
 see also Resendis-Felix,
 
 209 Ariz. at 294, n. 1, 100 P.3d at 459 n. 1.
 

 ¶ 9 Because one of three aggravating circumstances the trial court relied on here, the presence of a prior felony conviction, is excepted from the purview of
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435, 455 (2000), and
 
 Blakely,
 
 — U.S. at —, 124 S.Ct. at 2536, 159 L.Ed.2d at 412, the state maintains that we should affirm the sentences even though the court considered two additional aggravating factors neither admitted by Alire nor proven to a jury beyond a reasonable doubt.
 

 ¶ 10 In
 
 State v. Timmons,
 
 — Ariz. —, ¶¶ 6-12, 103 P.3d 315, 318-319 (App.2005), we rejected the state’s argument that the mere reliance on one Blakely-compliant aggravating factor permitted the trial court to consider any additional aggravating factors, even those based on alleged facts not found by a jury, and weigh them against mitigating circumstances in imposing an aggravated sentence. In so doing, we deferred to the reasoning of our supreme court when it addressed the identical question in the context of capital sentencing in
 
 State v. Ring,
 
 204 Ariz. 534, 65 P.3d 915 (2003)
 
 (Ring III). Timmons,
 
 — Ariz. —, ¶¶ 7-12, 103 P.3d at 318-319. However, neither the supreme court nor this court has had any occasion to address whether Arizona law compels the same result when, as here, the trial court has found no mitigating circumstances.
 

 ¶ 11 The state emphasizes that
 
 Blakely
 
 authorizes a court to impose an aggravated sentence so long as the sentence does not exceed the maximum authorized
 
 “solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.
 
 ”
 
 Blakely,
 
 — U.S. at —, 124 S.Ct. at 2537, 159 L.Ed.2d at 413 (emphasis in original). It argues that, under Arizona law, a defendant becomes eligible for an aggravated sentence upon the finding of one aggravating circumstance,
 
 see
 
 A.R.S. § 13-702(D),
 
 [2]
 
 and that nothing in
 
 Blakely
 
 or
 
 Apprendi
 
 prevents the court from considering additional aggravating circumstances under the more relaxed standards set forth in § 13-702 when determining what sentence to impose within the authorized range.
 

 ¶ 12 Both the supreme court and this division of our court previously have rejected this argument, observing, in essence, that Arizona law does not authorize an aggravated sentence upon the mere finding of one aggravating circumstance but, rather, authorizes an aggravated sentence only if all of the aggravating circumstances taken together outweigh the mitigating factors found by the court.
 
 Ring III,
 
 204 Ariz. 534, ¶ 89, 65 P.3d at 943 (“Neither a judge, under the
 
 *510
 
 superseded statutes, nor the jury, under the new statutes, can impose the death penalty unless that entity concludes that the mitigating factors are not sufficiently substantial to call for leniency____ [That] process [of weighing aggravating factors against mitigating factors] plays an important part in Arizona’s capital sentencing scheme.”);
 
 Timmons, —
 
 Ariz. —, ¶ 9, 103 P.3d at 318 (applying identical reasoning in noncapital context);
 
 see also State v. Munninger,
 
 — Ariz. —, ¶ 25, 104 P.3d 204, — (App.2005);
 
 but see State v. Martinez,
 
 — Ariz. —, ¶¶ 15-19, 100 P.3d 30, 34-35 (App.2004). Because we thus implicitly concluded in
 
 Timmons
 
 that the court could not impose an aggravated sentence without weighing all of the aggravating factors against the mitigating factors, we necessarily found that the court’s consideration of additional aggravating circumstances played an integral role in triggering the defendant’s eligibility for an aggravated sentence under Arizona’s noncapital sentencing scheme.
 
 See Ring III,
 
 204 Ariz. 534, ¶¶ 88-90, 65 P.3d at 942-43. To the extent those additional aggravating factors were not Blakely-compliant or
 
 Blakelyexempt,
 
 the court would have found the defendant eligible for a higher maximum sentence based, in part, on facts neither “reflected in the jury verdict [n]or admitted by the defendant” and would therefore have violated the defendant’s right to a jury trial as set forth in
 
 Blakely. See Blakely,
 
 — U.S. at —, 124 S.Ct. at 2537, 159 L.Ed.2d at 413.
 

 ¶ 13 But when, as here, the trial court has specifically found that no mitigating circumstances exist, Arizona’s noncapital sentencing scheme not only authorizes the trial court to impose an aggravated sentence upon the finding of one aggravating circumstance alone; it requires it.
 
 See
 
 § 13-702(D).
 
 [3]
 
 Stated another way, when one aggravating factor has been proven in compliance with Blakely’s requirements and no mitigating factors exist to weigh against it, the defendant becomes immediately eligible for the aggravated sentence under Arizona’s statutory scheme. When that occurs, the consideration of any additional aggravating circumstance, while still relevant to the determination of the specific sentence within the aggravated range, becomes irrelevant to the threshold determination of whether an aggravated sentence is permissible under Sixth Amendment standards. Once additional aggravating circumstances have become irrelevant to determining the maximum authorized sentence under Arizona law, the court may consider them in the absence of any jury finding without violating the defendant’s right to a jury trial.
 
 See Blakely,
 
 — U.S. at —, 124 S.Ct. at 2537, 159 L.Ed.2d at 413 (articulating right to jury trial as to those facts necessary to trigger sentencing range employed by court);
 
 see also Harris v. United States,
 
 536 U.S. 545, 549, 122 S.Ct. 2406, 2410, 153 L.Ed.2d 524, 533 (2002) (not all facts affecting defendant’s punishment are elements subject to Constitution’s jury trial requirement).
 

 ¶ 14 We therefore conclude that a trial court’s consideration of additional aggravating circumstances not found by the jury in determining a defendant’s sentence does not violate the Sixth Amendment to the United States Constitution so long as (1) at least one aggravating circumstance is Blakely-compli-ant or exempt and (2) the court expressly has found that no mitigating circumstances
 
 *511
 
 exist. Once those two things occur, the court’s consideration of any additional aggravating circumstances becomes irrelevant to the determination of the maximum sentence constitutionally available. Because the trial court found there were no mitigating circumstances and found one Blakely-compliant aggravating factor, Alire was constitutionally eligible for the aggravated sentences he received.
 

 ¶ 15 Alire also argues that the trial court erred by awarding him presentence incarceration credit on one count only. The state concedes that Alire is entitled to the credit on both counts of his concurrent sentences,
 
 see
 
 A.R.S. § 13-709(B);
 
 State v. DePassquallo,
 
 140 Ariz. 228, 229, 681 P.2d 380, 381 (1984), and asks that we correct the trial court’s determination without remanding the ease. We therefore order that the commitment order be amended so as to clarify that Alire is entitled to presentence incarceration credit of 104 days as to both of his concurrent sentences.
 

 ¶ 16 Affirmed and amended.
 

 HOWARD, P.J. and BRAMMER, J., concurring.
 

 [1]
 

 . Section 13-702(C)(21) was numbered as § 13-702(C)(13) at the time Alire committed the offenses, on June 25, 1995.
 
 See
 
 1993 Ariz. Sess. Laws, ch. 255, § 11.
 

 [2]
 

 . Section 13-702(D) was numbered as § 13-702(E) at the time of the offense.
 
 See
 
 1993 Ariz. Sess. Laws, ch. 255, § 11. All references to § 13-702(D) are to the current sentencing law as there has been no substantive change to that provision of the statute.
 

 [3]
 

 . Specifically, § 13-702(D) requires an aggravated sentence when the court has found "aggravating circumstances" and has found no mitigating circumstances. We do not interpret this phrase to require that the court must find more than one aggravating factor before an aggravated sentence is mandated. Several of the aggravating factors itemized in § 13-702 explicitly require findings as to more than one circumstance.
 
 See, e.g.,
 
 § 13-702(C)(2), (8), (9), (14), (17), and (18). Many of the others implicitly require the fact-finder to consider a set of broader circumstances before finding an aggravating factor.
 
 See, e.g.,
 
 § 13-702(C)(5) (offense committed in an ”[e]specially heinous, cruel or depraved manner"), § 13-702(C)(15) (offense committed “out of malice toward a victim because of the victim’s identity in a group”). Thus, we construe the plural form to refer to the potential multiplicity of circumstances as to any specific aggravating factor, rather than setting forth a requirement that more than one aggravating factor be found. Our construction of that phrase is confirmed by the legislature’s explicit imposition of a yet higher potential maximum sentence upon the finding of two or more aggravating factors.
 
 See
 
 A.R.S. § 13-702.01.