{¶ 47} I must respectfully dissent from the majority's conclusion that the imposition of maximum, consecutive sentences in the instant case does not implicate the Sixth Amendment as set forth by the United States Supreme Court in Blakely v.Washington and recently reinforced in United States v.Booker.[2] My opinion on the constitutionality of Ohio's criminal sentencing structure in light of the high court's recent Sixth Amendment analysis remains undeterred.[3] The instant case underscores the import of applying the Sixth Amendment implications of Blakely to Ohio's criminal sentencing structure. Moreover, the decision in Booker and the particular facts of the instant case cast continuing doubt over the constitutionality of criminal sentencing schemes in Ohio and nationwide.
 {¶ 48} In order to impose a maximum sentence in Ohio, there must be a finding that the individual committed the "worst form of the offense." In this matter, the trial court made that precise finding and I have no reason to disagree. However, that specific factfinding procedure has been prohibited by the Supreme Court of the United States, and I, therefore, must dissent; not due to the outcome but on the procedure employed.
 {¶ 49} The thrust of the majority's decision relies upon a crucial mischaracterization of Ohio's criminal sentencing scheme. That flaw is evidenced by the following statement in the majority's opinion, "[i]n Ohio, a judge possesses the discretion to sentence an offender within the statutory range based upon the degree of felony for which he or she is being prosecuted. The General Assembly has made it clear the R.C. 2929.14(B)(2) findings are sentencing factors which do not authorize a penalty beyond that permitted by statute."
 {¶ 50} This is not an accurate statement of Ohio's present sentencing structure. In Ohio, each class of felonies provides an upper and lower limit term of imprisonment.[4] However, Ohio's felony sentences maintain strict "default" or presumptive sentences which can only be overcome via judicial factfinding.[5] The majority quotes the relevant portion of the Booker holding:
 {¶ 51} "We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. * * * For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."[6]
 {¶ 52} Despite the majority's lauding of the significance of judicial discretion in sentencing, it ignores the statutory provisions confining the trial judge to the imposition of minimum, concurrent sentences unless the judge engages in factfinding to go beyond those default sentences.
 {¶ 53} The First Appellate District recently addressed theBlakely issue in light of the Booker holding:
 {¶ 54} "With our decision today, we note again that, under R.C. 2929.14(B), the legislature has mandated that the sentencing court impose the shortest prison term on a first-time offender unless it makes one of the R.C. 2929.14(B)(2) findings. * * * While we understand that these `findings' have historically been considered sentencing factors, the Blakely line of jurisprudence now makes them `facts' that must be found by a jury or admitted by the defendant, because they affect the level of punishment an offender will receive. * * * The minimum prison term for an offender who has not previously served a prison term is ordinarily the only sentence that is supported by the jury's verdict and the defendant's admissions."[7]
 {¶ 55} Ohio is not alone in addressing whether its particular sentencing structure runs astray of the Sixth Amendment. Other states have held that their sentencing structures, which mirror that of Ohio, cannot be sustained given the Blakely andBooker holdings.[8] Most notably, in Smylie v. Indiana,
the Supreme Court of Indiana concluded that Indiana's sentencing scheme is unconstitutional.[9] In Smylie, the court noted:
 {¶ 56} "Indiana's sentencing scheme provides a `fixed term' presumptive sentence for each class of felonies. * * * These statutes create upper and lower boundaries for each felony sentence. * * * In deciding on whether to depart from the presumptive sentence, the trial judge must consider seven enumerated factors and may consider various other aggravating and mitigating factors. * * *
 {¶ 57} "From the time Indiana adopted its present sentencing arrangement in 1977, we have understood it as a regime that requires a given presumptive term for each class of crimes, except when the judge finds aggravating or mitigating circumstances deemed adequate to justify adding or subtracting years."[10]
 {¶ 58} The Smylie Court ultimately concluded that its "fixed term" arrangement within its sentencing structure was the "functional equivalent" of the "standard sentencing range" struck down in Blakely.[11] Other jurisdictions have also concluded their criminal sentencing schemes are unconstitutional in light of Blakely and Booker.[12] Similarly, Ohio's sentencing structure is akin to those abrogated in Indiana and Washington. The presumptive nature of Ohio's criminal sentencing,requiring concurrent, minimum sentences unless other judicial factfinding occurs, runs directly contrary to the Sixth Amendment rights promulgated in both Blakely and Booker.
 {¶ 59} Thus, based upon the foregoing, and in accordance with my previous dissents in this matter, I maintain that the United States Supreme Court's holdings in Blakely and Booker render Ohio's criminal sentencing structure unconstitutional.
 {¶ 60} Therefore, in the instant matter, the trial court erred in sentencing Langlois to maximum, consecutive sentences under the current sentencing structure and I believe the matter should be remanded for resentencing in accordance with Blakely
and Booker.
[2] Blakely v. Washington (2004), 124 S.Ct. 2531; UnitedStates v. Booker (2005), 125 S.Ct. 738.
[3] See, e.g., State v. Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412 (O'Neill, J., dissenting.)
[4] R.C. 2929.14(A)(1)-(5).
[5] See R.C. 2929.14(B)(2); R.C. 2929.14(C); R.C.2929.14(E)(4).
[6] United States v. Booker, 125 S.Ct. at 750.
[7] State v. Montgomery, 159 Ohio App.3d 752, 2005-Ohio-1018, at ¶ 10.
[8] Smylie v. Indiana (2005), 823 N.E.2d 679; State v.Natale (2004), 861 A.2d 148 (New Jersey); State v. Dilts
(2004), 103 P.3d 95 (Oregon); State v. Shattuck (2004),689 N.W.2d 785 (Minnesota); State v. Brown (2004), 99 P.3d 15
(Arizona).
[9] Smylie, supra.
[10] (Internal citations omitted.) Id. at 683.
[11] Id.
[12] See Smylie v. Indiana; State v. Natale; State v.Dilts; State v. Shattuck; State v. Brown, supra.