{¶ 30} This case represents yet another example of why Ohio's sentencing guidelines are clearly at odds with the pronouncements of the United States Supreme Court.
 {¶ 31} In order to support the imposition of a maximum and consecutive sentence, the trial court was required to make specific findings, which included that this was "the worst form of the offense" and that the sentences were "necessary to protect the public from future crime." I agree with the majority that the record before us simply does not provide an adequate basis for meaningful appellate review. Further, I express no opinion as to whether the trial court was correct in its assessment of the seriousness of the offenses involved.
 {¶ 32} However, I write separately because I believe our analysis must go further to pass constitutional muster. To do less would be to invite error on remand. I feel we must address whether the imposition of maximum and consecutive sentences in the instant case implicates the Sixth Amendment as set forth by the United States Supreme Court in Blakely v.Washington and recently reinforced in United States v. Booker.[1] My opinion on the constitutionality of Ohio's criminal sentencing structure in light of the high court's recent Sixth Amendment analysis remains undeterred.[2] The instant case underscores the import of applying the Sixth Amendment implications of Blakely to Ohio's criminal sentencing structure. Moreover, the decision in Booker and the particular facts of the instant case cast continuing doubt over the constitutionality of criminal sentencing schemes in Ohio and nationwide.
 {¶ 33} The First Appellate District recently addressed the Blakely
issue in light of the Booker holding:
 {¶ 34} "With our decision today, we note again that, under R.C.2929.14(B), the legislature has mandated that the sentencing court impose the shortest prison term on a first-time offender unless it makes one of the R.C. 2929.14(B)(2) findings. * * * While we understand that these `findings' have historically been considered sentencing factors, theBlakely line of jurisprudence now makes them `facts' that must be found by a jury or admitted by the defendant, because they affect the level of punishment an offender will receive. * * * The minimum prison term for an offender who has not previously served a prison term is ordinarily the only sentence that is supported by the jury's verdict and the defendant's admissions."[3]
 {¶ 35} Ohio is not alone in addressing whether its particular sentencing structure runs astray of the Sixth Amendment. Courts in other states have held that their sentencing structures, which mirror that of Ohio, cannot be sustained given the Blakely and Booker holdings.[4]
Most notably, in Smylie v. Indiana, the Supreme Court of Indiana concluded that Indiana's sentencing scheme is unconstitutional.[5] InSmylie, the court noted:
 {¶ 36} "Indiana's sentencing scheme provides a `fixed term' presumptive sentence for each class of felonies. * * * These statutes also create upper and lower boundaries for each felony sentence. * * * In deciding on whether to depart from the presumptive sentence, the trial judge must consider seven enumerated factors and may consider various other aggravating and mitigating factors. * * *
 {¶ 37} "From the time Indiana adopted its present sentencing arrangement in 1977, we have understood it as a regime that requires a given presumptive term for each class of crimes, except when the judge finds aggravating or mitigating circumstances deemed adequate to justify adding or subtracting years."[6]
 {¶ 38} The Smylie Court ultimately concluded that its "fixed term" arrangement within its sentencing structure was the "functional equivalent" of the "standard sentencing range" struck down in Blakely.[7]
Other jurisdictions have also concluded their criminal sentencing schemes are unconstitutional in light of Blakely and Booker.[8] Similarly, Ohio's sentencing structure is akin to those abrogated in Indiana and Washington. The presumptive nature of Ohio's criminal sentencing,requiring concurrent, minimum sentences unless other judicial factfinding occurs, runs directly contrary to the Sixth Amendment rights promulgated in both Blakely and Booker.
 {¶ 39} Thus, based upon the foregoing, and in accordance with my previous dissents in this matter, I maintain that the United States Supreme Court's holdings in Blakely and Booker render Ohio's criminal sentencing structure unconstitutional.
 {¶ 40} Therefore, in the instant matter, the trial court erred in sentencing appellant to maximum and consecutive sentences under the current sentencing structure, and I believe the matter should be remanded for resentencing in accordance with Blakely and Booker.
[1] Blakely v. Washington (2004), 124 S.Ct. 2531; United States v.Booker (2005), 125 S.Ct. 738.
[2] See, e.g., State v. Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412 (O'Neill, J., dissenting.)
[3] (Footnote omitted.) State v. Montgomery, 159 Ohio App.3d 752,2005-Ohio-1018, at ¶ 10.
[4] Smylie v. Indiana (2005), 823 N.E.2d 679; State v. Natale (2004),861 A.2d 148 (New Jersey); State v. Dilts (2004), 103 P.3d 95 (Oregon);State v. Shattuck (2004), 689 N.W.2d 785 (Minnesota); State v. Brown
(2004), 99 P.3d 15 (Arizona).
[5] Smylie, supra.
[6] (Internal citations omitted.) Id. at 683.
[7] Id.
[8] See Smylie v. Indiana; State v. Dilts; State v. Shattuck; State v.Brown, supra.