**NOT RECOMMENDED FOR PUBLICATION**
File Name:  17a0641n.06

**No. 17-5228**

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED**<br>Nov 20, 2017<br>DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,          )
                                      )

     Petitioner-Appellee,          )
                                      )    ON APPEAL FROM THE

v.                                )    UNITED STATES DISTRICT
                                      )    COURT FOR THE WESTERN

ROBERT BATES,                )    DISTRICT OF TENNESSEE
                                      )

     Defendant-Appellant.      )    OPINION
                                        )
                                        )

---

**BEFORE:**    COLE, Chief Judge; McKEAGUE and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  Robert Bates was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and received a 24-month prison sentence.  Bates now appeals, arguing that the evidence introduced at trial was insufficient in fact and in law to support the jury verdict that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, as required by § 922(g)(1).  For the following reasons, we **AFFIRM** Bates's conviction.

## I.     BACKGROUND

On March 17, 2016, Robert Bates was indicted on eight counts of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g).  Ten years earlier, Bates pled guilty to the Arizona offense of disorderly conduct with a weapon, a non-dangerous, non-repetitive, non-designated offense, in violation of Ariz. Rev. Stat. §§ 13-2904(A)(6), 13-701,

and 13-801. He was sentenced to 150 days of incarceration and a period of probation. Following a probation violation, Bates's sentence was extended by 30 days, resulting in a 180-day jail sentence. The order also designated the offense as a Class 6 Felony.

Bates moved to dismiss the federal indictment in the instant case on the ground that his prior Arizona conviction could not serve as the basis for his § 922(g) charge because it was not for an offense punishable by a term exceeding one year of incarceration. Adopting the report and recommendation of the magistrate judge over Bates's objections, the district court denied the motion, and the case proceeded to trial. At trial, the Government called Virlynn Tinnell, the Mohave County, Arizona Clerk of Superior Court, to testify about Bates's prior conviction. Ms. Tinnell testified on direct examination that Bates had pled guilty to disorderly conduct with a weapon and that the offense was later designated as a Class 6 Felony. When asked if this offense is punishable by a term of imprisonment exceeding one year, Ms. Tinnell answered: "Yes, it could be." On cross examination, she testified that the presumptive term was one year, but that it could be increased to up to two years. On redirect, Ms. Tinnell clarified that the offense *is* punishable by a term of imprisonment exceeding one year, and that it can go up to two years.

At the close of the Government's case, Bates moved for judgment of acquittal, which the court denied. Bates renewed his motion at the close of all evidence, which was also denied. Bates was convicted by a jury on all eight counts. In his post-conviction motion for judgment of acquittal, Bates again argued that his Arizona conviction was not punishable by a term exceeding one year of incarceration, and that there was insufficient evidence supporting the jury's verdict on that element. The motion was denied. The court then sentenced Bates to two years in prison. On appeal, Bates argues that the evidence introduced at his trial was insufficient in fact and in

law to support the jury verdict that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, as required by § 922(g).

## II.     ANALYSIS

### A.     Standard of Review

We review de novo a district court's denial of a motion for judgment of acquittal. *See, e.g.*, *United States v. Stewart*, 729 F.3d 517, 526 (6th Cir. 2013); *United States v. Mabry*, 518 F.3d 442, 447 (6th Cir. 2008). In so doing, we view the evidence in the light most favorable to the Government and ask whether it is sufficient to permit a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *See United States v. Barnes*, 822 F.3d 914, 919 (6th Cir. 2016). We will reverse "only if the judgment is not supported by substantial and competent evidence upon the record as a whole." *Stewart*, 729 F.3d at 526 (quoting *United States v. Wettstain*, 618 F.3d 577, 583 (6th Cir. 2010)). "To the extent that the question turns on statutory interpretation, rather than on the sufficiency of the evidence, we review the issue de novo." *United States v. Mackey*, 265 F.3d 457, 460 (6th Cir. 2001); *see also United States v. Wright*, 774 F.3d 1085, 1088 (6th Cir. 2014). Bates both challenges the sufficiency of the evidence introduced at trial and raises issues of statutory interpretation.

### B.     Judicial Estoppel

On appeal, the Government contends that Bates's argument is without merit in part because it is based upon the wrong version of the Arizona statute. The Government argues that we should consider the statute as it existed at the time of Bates's state conviction, not the current version, which was amended in the time between Bates's state conviction and the instant federal charge. Ordinarily, in determining whether a defendant's prior conviction was for an offense punishable by a term of imprisonment exceeding one year, we examine the "state law that he was

convicted of violating, that is the . . . statutes and penalties that applied to his offense[] *at the time of his state conviction*[].ʺ  *McNeill v. United States*, 563 U.S. 816, 820 (2011) (emphasis added) (brackets and internal quotation marks omitted) (quoting *United States v. Rodriquez*, 553 U.S. 377, 380–81 (2008)).  Bates argues, however, that the Government should be judicially estopped from asserting this position because it does so for the first time on appeal and because the Government itself relied upon the current version of the statute in the proceedings before the district court.

Judicial estoppel is an "equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment."  *Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 545 (6th Cir. 2014) (quoting *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 546 F.3d 752, 757 (6th Cir. 2008)).  While declining to establish "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," the Supreme Court identified three factors that often guide a court in deciding whether to apply the doctrine:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled . . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (citations and internal quotation marks omitted).  This court has noted that "'[b]ecause the doctrine precludes a contradictory position without examining the truth of either statement,' we must apply it 'with caution to avoid impinging on the truth-seeking function of the court.'"  *Mirando*, 766 F.3d at 545 (quoting

*Lorillard Tobacco*, 546 F.3d at 757). We have also remarked that it is "well-settled that judicial estoppel does not apply where the prior inconsistent position occurred because of mistake or inadvertence." *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 425 (6th Cir. 2005) (citation and internal quotation marks omitted); *see also New Hampshire*, 532 U.S. at 753 ("We do not question that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." (citation and internal quotation marks omitted)).

A review of the record provides no indication that the Government's prior reliance on the current version of the Arizona statute was anything other than inadvertence or mistake, and we therefore decline to apply judicial estoppel. Thus, we examine the version of Arizona's statutory scheme in effect at the time of Bates's conviction for disorderly conduct with a weapon. *See McNeill*, 563 U.S. at 820.

## C.    Bates's Prior Conviction

Federal law prohibits any person "who has been convicted in any court of, a crime *punishable* by imprisonment for a term exceeding one year" from possessing a firearm. 18 U.S.C. § 922(g)(1) (emphasis added). Whether a crime of conviction is punishable by a term of imprisonment exceeding one year is "determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(20). We must, therefore, determine whether Bates's Arizona conviction was punishable by a term exceeding one year of imprisonment.

Bates pled guilty to the Arizona offense of disorderly conduct with a weapon on February 17, 2006, and a judgment was entered a month later on March 17. On January 5, 2007, following a probation violation, Bates's sentence was extended and his offense of conviction was designated as a Class 6 Felony. The disorderly conduct statute itself had not changed in the time

between Bates's state conviction and the instant federal prosecution, *see* Ariz. Rev. Stat. § 13-2904(A)(6), but certain applicable sentencing provisions of Arizona's criminal code were amended during that time, *see* Ariz. Rev. Stat. §§ 13-701 & 13-702. The primary difference pointed out by both Bates and the Government is that the current version of § 13-702 expressly sets a presumptive one-year sentence for first-time offenders convicted of a Class 6 Felony, while the earlier version did not expressly do so. *See* § 13-702(A) (2009) ("Unless a specific sentence is otherwise provided, the term of imprisonment for a first felony offense *shall be the presumptive sentence determined pursuant to subsection D of this section*." (emphasis added)); § 13-702(A) (2006) ("Sentences . . . may be increased or reduced by the court within the ranges set by this subsection.").

However, when the 2006 version of § 13-702 is read with § 13-701 (as it existed at the time), it appears that there was, functionally, a presumptive sentence of one year. *See* § 13-701(C) (2006) ("[T]he term of imprisonment for a felony *shall* be determined as follows for a first offense: . . . For a class 6 felony, one year." (emphasis added)); § 13-702(A) (2006) ("Sentences provided in § 13-701 . . . may be increased or reduced by the court within the ranges set by this subsection."). Section 13-702(A) set a minimum sentence of six months and a maximum sentence of one-and-a-half years and provided that "[a]ny reduction or increase shall be based on the aggravating and mitigating circumstances contained in subsections C and D." The "upper" term set forth in subsection A "may be imposed only if one or more of the circumstances alleged to be in aggravation of the crime are found to be true by the trier of fact beyond a reasonable doubt or are admitted by the defendant."[1] § 13-702(B); *see also State v. Brown*, 99 P.3d 15, 17–18 (Ariz. 2004). The "'trier of fact' means a jury, unless the defendant

---

[1] The only exception to this requirement is that the aggravating factor of a prior conviction can be found by the sentencing court. *See* § 13-702(B) & (C)(11).

and the state waive a jury in which case the trier of fact means the court." § 13-702(H). The "lower term" may be imposed if at least one mitigating factor or circumstance is "found to be true by the court, on any evidence or information introduced or submitted" to the court or to the fact-finder. § 13-702(B). The court must also "set forth on the record" at sentencing "factual findings and reasons in support of such findings." *Id.*

Even before the 2009 amendment, Arizona courts appear to have interpreted this sentencing scheme as setting a presumptive one-year sentence for first-time Class 6 Felony offenders. *See Fushek v. State*, 183 P.3d 536, 542 (Ariz. 2008) (en banc) (stating that a Class 6 Felony carries a one-year "presumptive prison sentence[] for first-time offenders"); *Brown*, 99 P.3d at 17–18 (referring to a sentence set forth in § 13–701(C) as a "presumptive sentence"). When Bates was convicted of disorderly conduct with a weapon in 2006, the applicable Arizona laws appear to have set a presumptive sentence of one year. They further established a six-month minimum sentence and a one-and-a-half year maximum sentence that could be imposed if certain findings were made. Arizona courts have held, following *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), that in the absence of these findings, the one-year presumptive sentence operates as the statutory maximum sentence for Sixth Amendment right-to-jury-trial purposes. *See Brown*, 99 P.3d at 17–18; *State v. Johnson*, 111 P.3d 1038, 1041 (Ariz. Ct. App. 2005) (citing *Brown*, 99 P.3d at 18).

In determining whether Bates's Arizona conviction is a qualifying predicate offense under § 922(g)(1), the relevant inquiry is not whether Bates *received* a sentence exceeding one year of incarceration—he indisputably did not—but rather whether the offense for which he was convicted is *punishable* by a term of imprisonment exceeding one year. *See United States v. Davis*, 27 F. App'x 592, 595 (6th Cir. 2001) ("18 U.S.C. § 922(g)(1) do[es] not require that a

defendant's prior sentence involve actual prison time in excess of one year. . . . Although [he] did not receive the lengthiest sentence permitted, the defendant was *subject to* being sentenced for his crimes to a prison term of up to 18 months.").

We have held that, when the maximum sentence authorized by state law for a given offense or class of offenses depends at least in part on the defendant's criminal history, the district court is to consider the prior record level of the individual defendant—rather than that of a hypothetical defendant with a worse prior record level—in determining whether the prior conviction is one that is punishable by a term of imprisonment exceeding one year. *See United States v. Pruitt*, 545 F.3d 416, 419, 422–24 ("In the context of North Carolina's structured sentencing scheme, an offense of conviction is 'punishable' for a term exceeding one year *only if* the state court could have sentenced a hypothetical defendant *with the same prior record level* as the defendant's prior record level to a term exceeding one year." (emphasis added)). In other words, if a hypothetical defendant with the same criminal history as the defendant could not have been sentenced to a term exceeding one year of incarceration, then the defendant has not been convicted of an offense that is punishable for a term exceeding one year, even if a defendant convicted of the same offense, but with a more serious criminal history, could have.

This does not help Bates. The Arizona statutory scheme governing his conviction and sentence expressly applied to first-time felony offenders and thus took the level of Bates's criminal history into account. *Pruitt*'s holding that the individual defendant's criminal history must be considered when determining whether he was convicted of an offense punishable by a term exceeding one year of incarceration is not violated here.

In *Pruitt*, we rejected the defendant's argument that this individualized analysis should apply to other aggravating factors. *Id.* at 421–22. Under North Carolina's sentencing scheme, a

defendant could not receive a sentence in the "aggravated range"—above the presumptive range—unless certain aggravating findings were made. *Id.* at 419–20. Pruitt contended that because there were no aggravating factors present, he could not have been sentenced within the aggravated range and therefore could not have received a sentence exceeding one year of imprisonment. *Id.* at 421. Thus, he argued, his conviction was not for an offense punishable by a term exceeding one year of incarceration. *Id.* In rejecting this argument, we noted that "[u]nder North Carolina law, [the defendant] could have faced the aggravating factors necessary to impose a sentence within the aggravated range." *Id.* The presumptive range, therefore, "served as the functional equivalent of a 'guidelines range,' above which the sentencing judge could depart under certain circumstances." *Id.* The top of the aggravated range—above which the judge could *not* depart—functioned as the statutory maximum. *Id.* And because the "statutory maximum" exceeded one year, the offense was "punishable" by a term exceeding one year of incarceration "irrespective of whether an aggravated sentence was imposed in Pruitt's case." *Id.*

Although *Pruitt* arose in a different context, we find it to be instructive in the present case. Both North Carolina and Arizona's sentencing schemes set presumptive sentences and permit judges to exceed the presumptive sentence only when certain aggravated factors are found. In Arizona, the presumptive sentence for a first-time Class 6 Felony offender is one year and the maximum sentence is one-and-a-half years. As was the case in *Pruitt*, an Arizona sentencing judge can impose a sentence over one year in certain circumstances, but cannot exceed the maximum one-and-a-half year sentence. While the presumptive sentence does not exceed one year, the statute sets out a range of imprisonment, the maximum of which *does exceed* one year, and allows the court to sentence a defendant within that range provided certain

mitigating or aggravating circumstances are present. § 13-702(A)–(D). Furthermore, by expressly setting the sentences of *first-time* felony offenders, as Bates was, the statute did not violate *Pruitt*'s instruction to consider the sentence to which a defendant with Bates's criminal history would have been exposed. Under the unique facts of this statutory scheme and this case, we conclude that Bates's Arizona conviction for disorderly conduct with a weapon was an offense punishable by a term of imprisonment exceeding one year.

### D.      Sufficiency of the Evidence Introduced at Trial

Our review of the record further indicates that there was sufficient evidence presented to the jury to support their judgment that Bates had been convicted of a crime punishable by over a year of incarceration. Ms. Tinnell, the Clerk of Court in the jurisdiction of Bates's conviction, having reviewed the court records maintained by her office, testified that Bates had been convicted of disorderly conduct with a weapon, which was later designated as a Class 6 Felony, and that this offense was punishable by over a year of incarceration. While her initial answer was less than crystal clear, any ambiguity was resolved on re-direct. Furthermore, Ms. Tinnell testified on cross examination that the offense carried a presumptive one-year sentence, but that it could be increased to up to two years. Viewing the evidence in the light most favorable to the Government, the jury's conclusion that Bates had been previously convicted of a crime punishable by a term of incarceration exceeding one year is "supported by substantial and competent evidence upon the record as a whole." *Stewart*, 729 F.3d at 526.

### III.      CONCLUSION

For the reasons explained above, we **AFFIRM**.