Arizona
NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Plaintiff/Appellant*,

*v.*

MICHAEL GEORGE KORNACK, *Defendant/Appellee*.

No. 1 CA-CR 18-0720
FILED 9-19-2019

---

Appeal from the Superior Court in Maricopa County
No. CR2017-144349-001
The Honorable Laura J. Giaquinto, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Public Defender, Phoenix
By Joel M. Glynn
*Counsel for Defendant/Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Plaintiff/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Samuel A. Thumma and Chief Judge Peter B. Swann joined.

---

**M c M U R D I E**, Judge:

**¶1**        Michael Kornack appeals his convictions for two counts of Aggravated Driving or Actual Physical Control While Under the Influence of an Intoxicating Liquor or Drugs, class 4 felonies, and the resulting sentences. Kornack's counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Counsel asked this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Kornack filed a *pro se* supplemental brief and raised the following issues: (1) his license was not suspended for prior violations; (2) a search warrant was required for his blood draw; and (3) the court should not have considered his prior felony convictions because another superior court in a 2001 case did not consider his prior convictions. After reviewing the record, we affirm Kornack's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        On September 26, 2017, a police officer saw Kornack stopped in a crosswalk at a red light. As the light turned green, the car changed lanes as it went through the intersection. The officer also saw the vehicle swerve back-and-forth in between two lanes, and traveled 60 miles per hour in a 45 mile-per-hour zone. The officer stopped Kornack for the described traffic violations. The officer asked Kornack for his driver's license, which he did not have because his license had been suspended and canceled. The officer noticed Kornack had bloodshot, watery eyes, and dilated pupils.

**¶3**        The officer engaged Kornack in several field sobriety tests and observed that Kornack demonstrated poor balance and lack of time-awareness. The officer arrested Kornack and gave him *Miranda*[1] warnings. Kornack stated that he had smoked marijuana the day before the incident and used methamphetamine approximately five days ago.

---

[1]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

Kornack said he was feeling groggy and probably should not be driving after taking Prozac and Thorazine that evening.

¶4        The officer read Kornack the Implied Consent Affidavit, advising him of his obligation to submit to a blood test to avoid consequences to his driving record and that, if he refused, the officer would get a search warrant to obtain the sample without permission. Kornack consented to a blood draw. After two failed attempts to draw blood, the officers successfully drew Kornack's blood. At no point during any of the three attempts to draw blood did Karnack tell the officers to stop. The blood tested positive for 620 nanograms per millimeter of methamphetamine.

¶5        Kornack pled not guilty and filed a motion to suppress the results of the blood draw. The superior court conducted an evidentiary hearing and denied the motion to suppress, finding that reasonable suspicion existed to stop the vehicle and Kornack consented to the blood draw. The State filed several pretrial motions, including allegations of prior felony convictions. The State alleged that Kornack's 1997 theft and burglary convictions were multiple offenses not committed on the same occasion and were not historical prior felony convictions, but asserted that Kornack had been convicted in 2001 of theft by means of transportation, which would qualify as a historical prior felony. The State did not file an allegation of aggravating circumstances.

¶6        Kornack filed a motion to change counsel five days before the scheduled trial. The court denied Kornack's request for new counsel as untimely. Kornack then moved to represent himself, which the court granted but ordered defense counsel to remain as advisory counsel. The court explained to Kornack that he would be responsible for the opening statement and examining the witnesses if he represented himself. The court discussed with Kornack the potential sentences he could receive if he lost at trial and the right to have defense counsel resume representation during the trial. Kornack elected to represent himself with defense counsel advising him. Kornack represented himself for most of the jury selection, with help from advisory counsel. After the court empaneled the jury, Kornack stated that he no longer wished to represent himself and requested defense counsel to be reappointed. The court obliged.

¶7        After hearing the evidence noted above, the jury found Kornack guilty on both counts. The court sentenced Kornack to the presumptive term of 4.5 years' imprisonment for each count to run concurrently and awarded him 57 days' presentence incarceration credit.

Kornack timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

**¶8**     We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶9**     In his supplemental brief, Kornack first argues that he voluntarily canceled his driver's license and that it was not suspended for prior violations. However, the State presented evidence that Kornack's license had been suspended and that he received 11 suspension notices by mail in 2006, 2007, 2008, and 2012. On the date of Kornack's arrest, the status of his license was both suspended and canceled. Therefore, the jury could reasonably conclude he was driving on a suspended or canceled license.

**¶10**     Second**,** Kornack argues that his blood test results should have been suppressed because the officers did not secure a search warrant. Obtaining a suspect's blood sample without a warrant is reasonable under the Fourth Amendment if the suspect consents either expressly or implicitly to the blood draw. *State v. Valenzuela*, 239 Ariz. 299, 307 ¶ 25 (2016); *State v. Estrada*, 209 Ariz. 287, 290, ¶ 11 (App. 2004). A suspect may withdraw consent at any time before the search is concluded. *State v. Becerra*, 239 Ariz. 90, 92, ¶ 9 (App. 2016) ("Even after a person initially consents to a search, she nevertheless remains free to withdraw or narrow the scope of her consent at any time.") Kornack consented to the blood draw and never withdrew his consent at any time before, during, or after the three attempts were made. Consequently, a warrant was not needed to draw his blood given his consent.

**¶11**     Lastly, Kornack argues that a judge in a prior case did not consider his prior felony convictions to determine the sentence. While Kornack's assertion may be true, the presumptive sentence with a prior historical felony conviction was appropriate in this case, and the superior court judge did not abuse its discretion by considering the previous convictions. *See State v. Cazares*, 205 Ariz. 425, 427, ¶ 6 (2003) ("A trial court has broad discretion to determine the appropriate penalty to impose upon conviction, and we will not disturb a sentence that is within statutory limits, as petitioner's is, unless it clearly appears that the court abused its discretion."); *State v. Brown*, 209 Ariz. 200, 203, ¶ 11, n.3 (2004) ("the Sixth Amendment limit on judicial discretion applies only to factfinding 'that increases the penalty for a crime beyond the prescribed statutory

maximum'" (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000))); *see also* A.R.S. § 13-703(I) (historical prior felony criteria for category two repetitive offenders).

**¶12**      Kornack was present, or waived his presence, and represented himself or by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Kornack all his constitutional and statutory rights, and the proceedings were conducted following the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Kornack's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶13**      Kornack's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Kornack's representation in this appeal will end after informing Kornack of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:  AA